**JEFFREY K. STARNES**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, # 300**
**Phone:        (406) 761-7715**
**FAX:           (406) 453-9973**
**Email:         Jeff.Starnes@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 21-31-BU-DLC** |
| **Plaintiff,** | |
| **vs.** | **SENTENCING MEMORANDUM** |
| **DORA SANDRA GOMEZ,** *aka* **Bella Gomez,** | |
| **Defendant.** | |

### INTRODUCTION

In May 2021, Gomez made a threatening phone call that disrupted the

Montana Trappers Association's annual fundraising banquet in Dillon, Montana.

Her actions not only ruined the evening for several hundred attendees, but of even

greater concern, stoked speculation that the call was the work of an anonymous

animal rights organization or anti-trapping group that intended to oppose the MTA's views on hunting and trapping with force or violence.  Though the call was a rouse, Gomez's actions had the potential to ignite a powder keg in Montana.  Her conduct was serious and must be deterred.  The United States recommends the Court impose a sentence of five years of probation, a fine within the guideline range of $1,000 to $9,500, and a $100 special assessment.

## OBJECTIONS TO THE PSR

<u>Objections by the United States</u>

The United States has no outstanding objections to the PSR.  *See* PSR Addendum.

<u>Objections by the defense</u>

The defendant does not have any remaining objections to the PSR that would impact the calculation of her guideline sentence.  *See Id.*

## THE DEFENDANT'S GUIDELINE SENTENCE

The PSR correctly establishes a base offense level of 12 because Gomez pleaded guilty to interstate communication of threat, in violation of 18 U.S.C. § 875(c).  PSR ¶ 19; USSG § 2A6.1(a)(1).  Her offense level is properly decreased by four points because her conduct involved a single instance that evidences little or no deliberation, PSR ¶ 38 and USSG § 2A6.1(b)(6); and is properly reduced a

further two levels for acceptance of responsibility.  PSR ¶ 26; USSG § 3E1.1(a).
Thus, Gomez's total offense level is 6.  PSR ¶ 47.

The defendant has earned zero criminal history points, which places her in
criminal history category I.  PSR ¶ 32.

With a total offense level of 6 and criminal history category of I, Gomez's
advisory guideline imprisonment range is 0-6 months.  PSR ¶ 51; USSG § 5A.
Additionally, Gomez's advisory fine range is $1,000-$9,500.  PSR ¶ 60; USSG §
5E1.2(c)(3).

## SENTENCING ANALYSIS

Section 3553(a) of Title 18 of the United States Code contains prefatory
language —"The court shall impose a sentence sufficient, but not greater than
necessary, to comply with the purposes set forth in paragraph (2) of this
subsection."  Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational
  training, medical care, or other correctional treatment in the most
  effective manner.

Section 3553(a) sets forward additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6).

## ARGUMENT

With the above factors in mind, the United States recommends the Court impose a sentence that includes five years of probation and a fine within the guideline range of $1,000 to $9,500.

Trapping is a divisive political issue in Montana. *See*, *e.g*., Outside Bozeman, *Trapped Between Two Worlds*, https://outsidebozeman.com/culture/the-new-west/trapped-between-two-worlds (2017). As with all political issues in the United States, the country is increasingly polarized, *see* Pew Research Center, *America is exceptional in the nature of its political divide* https://www.pewresearch.org/fact-tank/2020/11/13/america-is-exceptional-in-the-nature-of-its-political-divide/ (November 13, 2013), and the factions on each side of every issue seem more willing than ever to resort to the use of force instead of discourse in furtherance of ideology. *See* Business Insider, *Support for political violence among Americans is on the rise. It's a grim warning about America's*

*political future*, https://www.businessinsider.com/poll-shows-third-of-americans-support-use-of-political-violence-2021-3 (March 26, 2021).

Against that backdrop, in May 2021, the defendant placed an ill-advised and threatening phone call to disrupt the Montana Trappers Association's annual fundraising banquet. While her end goal may have been to retaliate against her ex-boyfriend, her conduct threatened the safety of the attendees and had the unintended consequence of throwing fuel on a politically charged fire. In fact, the members of the Trappers Association immediately suspected the call was placed by some anti-trapping group, not a jaded ex-girlfriend. *See* Montana Standard, *Bomb threat shuts down banquet in Dillon for Trappers Association*, https://mtstandard.com/news/local/bomb-threat-shuts-down-banquet-in-dillon-for-trappers-association/article_37da420a-85e3-5b14-9dbd-0f72b1ab004b.html (May 9, 2021).

Thankfully, the threat was a ruse and nobody was injured. However, Gomez's conduct was nevertheless serious, and her punishment here should reflect the seriousness of her actions. Additionally, Gomez's sentence must be sufficient to deter both Gomez and anyone who hears about this case from engaging in similar misconduct in the future. The United Sates respectfully suggests a term of five years of probation and a fine in the range of $1,000 to $9,500 will accomplish

those goals and spread the word that a felony conviction will follow anyone who chose to follow the defendant's lead.

## CONCLUSION

Based on the foregoing, the United States respectfully recommends a sentence of five years of probation and a fine within the guideline range of $1,000 to $9,500.

DATED this 21st day of March 2022.

LEIF M. JOHNSON
United States Attorney

*/s/ Jeffrey K. Starnes*
JEFFREY K. STARNES
Assistant U.S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response

contains 880 words, excluding the caption and certificate of compliance.

LEIF M. JOHNSON
United States Attorney


*/s/ Jeffrey K. Starnes*
JEFFREY K. STARNES
Assistant U.S. Attorney
Attorney for Plaintiff